Filed 9/19/13  In re Adolfo M. CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| In re ADOLFO M., a Person Coming Under the Juvenile Court Law. | |
| | D063789 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | |
| Plaintiff and Respondent, | (Super. Ct. No. SJ12887) |
| v. | |
| ALYSSA M., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Garry G. Haehnle, Judge.  Reversed and remanded with directions.

Monica Vogelmann, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas E. Montgomery, County Counsel, John E. Philips, Chief Deputy County Counsel and Patrice Plattner-Grainger, Deputy County Counsel, for Plaintiff and Respondent.

This case involves the applicability of the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) (Fam. Code, § 3400 et seq.).[1]  Alyssa M. appeals a judgment declaring her minor son, Adolfo M., a dependent of the juvenile court and removing him from parental custody, contending the court erred by asserting subject matter jurisdiction under section 3421, subdivision (a)(2).  We conclude the UCCJEA controls the jurisdictional analysis the court must undertake before it can properly make its dependency findings and orders.  We reverse the judgment and remand the matter to the juvenile court to conduct a hearing on subject matter jurisdiction in accordance with the UCCJEA.

FACTUAL AND PROCEDURAL BACKGROUND

In March 2013, Alyssa crossed the border from Mexico to San Diego, California, with her six-year-old son Adolfo.  She turned herself in to law enforcement authorities on an outstanding arrest warrant for a drug-related crime.  Alyssa, who was born and raised in the state of Washington, said she had been living in Mexico, was currently homeless, and had been using methamphetamine for the past year.  She also said her current relationship with Cesar C. involved domestic violence.  Alyssa initially reported she had no relatives in the United States or Mexico who could care for Adolfo.  She was taken to Las Colinas Detention Facility and Adolfo was taken to Polinsky Children's Center.

Adolfo told the social worker that Alyssa worked "where they sell beer to men and then she takes them somewhere."  He said Alyssa and Cesar smoked light bulbs with dust or sand in them.  He also said Alyssa and Cesar fight, which made him sad and caused him to cry.

---

[1]     All further statutory references are to the Family Code unless otherwise specified.

The San Diego County Health and Human Services Agency (Agency) filed a petition in the juvenile court under Welfare and Institutions Code section 300, subdivision (b),[2] alleging Adolfo was at substantial risk of harm because Alyssa had been using and selling methamphetamine for the past year, and had been hiding with Adolfo in an abandoned home to avoid being arrested. The petition listed Cesar and another man, Antonio S., as Adolfo's alleged fathers, both of whom lived in Mexico.

At a detention hearing, counsel for Alyssa argued that under the UCCJEA, Mexico was Adolfo's home state and, thus, the court lacked subject matter jurisdiction unless it had temporary emergency jurisdiction. Counsel further argued there was no emergency because Adolfo was not in immediate danger when he was taken from Alyssa. The court disagreed, finding Adolfo was at risk because Alyssa and Cesar used drugs, and, thus, the court had jurisdiction. The court then asked Alyssa whether there were any custody or visitation orders, or any family court proceedings, involving Adolfo in Mexico. Alyssa answered, "No, nothing." The court proceeded to make its findings and detained Adolfo in out-of-home care. When Alyssa's counsel asked for clarification about whether the court was taking temporary emergency jurisdiction, the court said it was finding the UCCJEA did not apply.

According to a jurisdiction report, Adolfo was living in a foster home and doing well. Adolfo told the social worker that Cesar had physically abused him, and Alyssa corroborated this statement. Alyssa, who was no longer incarcerated, said she would like Adolfo placed with a relative in San Diego. The maternal grandmother in Washington also expressed interest

---

[2]    Agency also filed a petition under Welfare and Institutions Code section 300, subdivision (g), but that allegation was later dismissed.

in having Adolfo placed with her. Alyssa was regularly visiting Adolfo and began participating in services, including a residential substance abuse treatment program.

At a jurisdiction and disposition hearing, the court again addressed the applicability of the UCCJEA, and expressly declined to take temporary emergency jurisdiction under section 3424, subdivision (b). Because no court in any other state or country had asserted jurisdiction over Adolfo, the court found it had subject matter jurisdiction under section 3421, subdivision (a)(2). The court sustained the allegations of the petition under Welfare and Institutions Code section 300, subdivision (b), declared Adolfo a dependent, removed him from Alyssa's custody, placed him in foster care and ordered Alyssa to comply with the provisions of her case plan.

## DISCUSSION

Alyssa contends the court erred by asserting subject matter jurisdiction under section 3421, subdivision (a)(2), because Mexico, not California, was Adolfo's home state. County counsel concedes the error, but asserts it was harmless because the court could have properly exercised temporary emergency jurisdiction under section 3424.

## A

### *Overview of the UCCJEA*

The UCCJEA is the exclusive method in California to determine the proper forum in child custody proceedings involving other jurisdictions. (*In re C.T.* (2002) 100 Cal.App.4th 101, 106.) "Under the UCCJEA, a California court must 'treat a foreign country as if it were a state of the United States for the purpose of' determining jurisdiction. (§ 3405, subd. (a).)" (*In re Marriage of Nurie* (2009) 176 Cal.App.4th 478, 490.) A dependency action is a " '[c]hild

4

custody proceeding' " subject to the UCCJEA.  (§ 3402, subd. (d); *In re Angel L.* (2008) 159 Cal.App.4th 1127, 1136.)  The purposes of the UCCJEA in the context of dependency proceedings include avoiding jurisdictional competition and conflict, promoting interstate cooperation, litigating custody where the child and his or her family have the closest connections, avoiding relitigation of another state's custody decisions and promoting the exchange of information and other mutual assistance between courts of other states.  (*In re C.T.*, at p. 106.)

Subject matter jurisdiction either exists or does not exist at the time the action is commenced and cannot be conferred by stipulation, consent, waiver or estoppel.  (*In re A.C.* (2005) 130 Cal.App.4th 854, 860.)  "We are not bound by the juvenile court's findings regarding subject matter jurisdiction, but rather 'independently reweigh the jurisdictional facts.' "  (*Ibid.*)

*Section 3421—Home State Jurisdiction*

Under section 3421, California may assume jurisdiction to make an initial child custody determination only if any of the following apply:  California is the child's "home state," meaning the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the child custody proceeding was commenced (§§ 3421, subd. (a)(1) & 3402, subd. (g)); a court of another state does not have jurisdiction because it is not the child's home state (§ 3421, subd. (a)(2)); a court of the child's home state has declined to exercise jurisdiction on the ground California is the more appropriate forum (*ibid.*); all courts having jurisdiction have declined to exercise jurisdiction on the ground California is the more appropriate forum (§ 3421, subd. (a)(3)); or no other state has

5

jurisdiction under the foregoing tests (§ 3421, subd. (a)(4)).  "Physical presence of, or personal jurisdiction over, a party or a child is not necessary or sufficient to make a child custody determination."  (§ 3421, subd. (c).)

C

*Section 3424—Temporary Emergency Jurisdiction*

Section 3424 provides an exception to the exclusive jurisdictional bases for making a child custody determination in California.  (§ 3421, subds. (a) & (b).)  A court may exercise "temporary emergency jurisdiction" when a "child is present in this state and . . . it is necessary in an emergency to protect the child because the child . . . is subjected to, or threatened with, mistreatment or abuse."  (§ 3424, subd. (a).)  An "emergency" exists when there is an immediate risk of danger to the child if he or she is returned to a parent.  (*In re Nada R*. (2001) 89 Cal.App.4th 1166, 1174-1175.)  Although emergency jurisdiction is generally intended to be short term and limited, the juvenile court may continue to exercise its authority as long as the reasons underlying the dependency exist.  (*Id*. at p. 1175; *In re Angel L., supra,* 159 Cal.App.4th at p. 1139; see also *In re Stephanie M*. (1994) 7 Cal.4th 295, 312 [court had continuing jurisdiction because of emergency presented and impossibility of returning minor immediately to parents].)  The Legislature has expressly declared its intent to expand the grounds on which a court may exercise temporary emergency jurisdiction.  (§ 3424, subd. (e).)

Nevertheless, even an appropriate "[a]ssumption of emergency jurisdiction does not confer upon the state exercising emergency jurisdiction the authority to make a permanent custody disposition."  (*In re C.T.*, *supra*, 100 Cal.App.4th at p. 108.)  Section 3424, subdivision (b), provides that when "there is no previous child custody determination that is entitled to be

6

enforced under the UCCJEA and a child custody proceeding has not been commenced in a court of a state having jurisdiction under the UCCJEA, a child custody determination made under section [3424] remains in effect until an order is obtained from a court of a state having jurisdiction under the UCCJEA.  If a child custody proceeding has not been or is not commenced in a court of a state having jurisdiction under the UCCJEA, a child custody determination made under section 3424, subdivision (b) 'becomes a final determination, if it so provides and this state becomes the home state of the child.' " (*In re Angel L., supra,* 159 Cal.App.4th at p. 1138, quoting § 3424, subd. (b).)  Thus, the statutory language makes clear that emergency jurisdiction can be exercised to protect a child only on a temporary basis until the court with appropriate jurisdiction issues a permanent order or, alternatively, until the court exercising emergency jurisdiction finds a basis to "properly assume jurisdiction under section [3421 or] 3423 apart from its emergency jurisdiction under section 3424." (*In re C.T.*, *supra*, 100 Cal.App.4th at pp. 113, 112.)

D

*The Court Improperly Asserted Subject Matter Jurisdiction*
*Under Section 3421, Subdivision (a)(2)*

Here, the court expressly declined to assert temporary emergency jurisdiction under section 3424.  Instead, the court asserted subject matter jurisdiction under section 3421, subdivision (a)(2), which provides that the California court has jurisdiction to make an initial child custody determination if the court of another state (or foreign country) does not have "home state" jurisdiction or has declined to exercise jurisdiction on the ground California is the

7

more appropriate forum based on certain criteria.[3]  However, the undisputed evidence here showed Mexico had home state jurisdiction because Adolfo had lived there with Alyssa for at least six consecutive months immediately before the dependency proceedings began.  (§ 3402, subd. (g).)  Further, the court in Mexico did not decline to exercise jurisdiction as Adolfo's home state because it was never given notice or the opportunity to do so.  (§ 3421, subd. (a)(2).)

In asserting subject matter jurisdiction under section 3421, subdivision (a)(2), the court presumably believed it could proceed based on Alyssa's unsworn testimony that there were no custody or visitation orders or family court proceedings in Mexico involving Adolfo.[4]  However, regardless of whether a proceeding has commenced in another jurisdiction, the child's home state must be given the opportunity to either assume or decline jurisdiction.  In this regard, the court purporting to assert subject matter jurisdiction is authorized to communicate with the court in the home state.  (§ 3410, subd. (a).)  The juvenile court here made no attempt to contact the court in Mexico or otherwise verify Alyssa's statement as to the existence of any custody orders or proceedings in Mexico.  It also failed to hold a hearing at which the parties could present evidence and cross-examine witnesses to enable the court to

---

[3]    The home state court can decline to exercise jurisdiction if it finds California is the more appropriate forum under section 3427 (home state is an inconvenient forum under the circumstances) or section 3428 (person seeking to invoke jurisdiction has engaged in unjustifiable conduct) and both of the following are true:  (1) the child and his or her parent or parents have a significant connection with California other than mere physical presence; and (2) substantial evidence is available in California concerning the child's care, protection, training and personal relationships.  (§ 3421, subd. (a)(2)(A) & (B).)

[4]    As we previously noted, a child's physical presence in a state, without more, is not sufficient for the court to make a custody determination.  (§ 3421, subd. (c).)

determine whether California or Mexico had subject matter jurisdiction under the UCCJEA.

Under these circumstances, the juvenile court erred by exercising subject matter jurisdiction, and the error cannot be deemed harmless.  (See *In re Marriage of Jackson* (2006) 136 Cal.App.4th 980, 997 [if jurisdictional error has occurred, the resulting judgment or order is voidable and reversible on appeal even where it is clear from the record that no prejudice resulted].)

E

*The Record Does Not Permit an Inference the*
*Court Had Temporary Emergency Jurisdiction*

Agency concedes the court erroneously asserted subject matter jurisdiction under section 3421, subdivision (a)(2), but nevertheless contends the court had temporary emergency jurisdiction under section 3424.  We agree the facts here showed that at the time the dependency petition was filed, Adolfo would have been at immediate risk of harm if returned to parental custody because Alyssa used and sold methamphetamine for the past year, exposed Adolfo to domestic violence and allowed Adolfo's only other caregiver, Cesar, to physically abuse him.  (§ 3424, subd. (a); see *In re Nada R*., *supra*, 89 Cal.App.4th at pp. 1174-1175.)  However, Agency's argument that the court had the power to proceed under section 3424 is based on the faulty premise that there was no competing custody order entered in Mexico and no jurisdictional conflict with the Mexican court.  As we previously discussed, the record contains no admissible evidence as to whether there was a previous child custody determination or pending custody proceeding in Mexico, and no proper inquiry was made.  In

9

the absence of that information, we cannot conclude the juvenile court was entitled to assert temporary emergency jurisdiction.[5]

## DISPOSITION

The judgment is reversed.  The case is remanded to the juvenile court with directions to hold a hearing at which the parties may present evidence and cross-examine witnesses regarding whether California or Mexico has subject matter jurisdiction under the UCCJEA, or whether California has temporary emergency jurisdiction.

MCDONALD, J.

WE CONCUR:


NARES, Acting P. J.


AARON, J.

---

[5] If, on remand, the court in Mexico declines jurisdiction or determines that California would be a more convenient forum under section 3421, subdivision (a)(2), the issue of temporary emergency jurisdiction will be moot and the juvenile court can proceed to make its jurisdictional findings and dispositional order.